UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| SHAWNIKA LASHELL GILL, | ) |
| Plaintiff, | ) ) Civil No. 5:25-cv-00332-GFVT |
| v. | ) ) |
| C.O. KEARIA HUGHES, *et al.*, | ) **MEMORANDUM OPINION** |
| Defendants. | ) **& ORDER** ) ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Shawnika Lashell Gill is an inmate at the Fayette County Detention Center ("FCDC"), located in Lexington, Kentucky. Proceeding without counsel, Gill filed a civil rights complaint against three officials at the FCDC. [R. 1.] Gill also filed a motion for leave to proceed *in forma pauperis*. [R. 2.] Having considered Gill's motion and supporting financial information, the Court is persuaded that she lacks sufficient resources to pay the filing fee up front and in full. Accordingly, Gill's motion for leave to proceed *in forma pauperis* will be granted and she will be permitted to pay the $350.00 filing fee in installments as set forth in 28 U.S.C. § 1915(b).

The Court must screen Gill's complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. These provisions require dismissal of any claim that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See also McGore v. Wrigglesworth,* 114 F.3d 601, 607-08 (6th Cir. 1997); 42 U.S.C. § 1997e(c). Gill's complaint is evaluated under a more lenient standard because she is not represented by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual

allegations as true, and her legal claims are liberally construed in her favor. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Gill names the following defendants in her complaint: (1) C/O Kearia Hughes ("C/O Hughes"); (2) Captain/Major Carol Hughes ("Captain Hughes"); and (3) Sergeant Eva Hood ("Sergeant Hood"). Gill contends that C/O Hughes began harassing her in June 2024. C/O Hughes's alleged conduct includes shoving a cup of water at Gill; screaming and cursing at her; failing to give her a hygiene pack on one occasion; temporarily giving her the wrong meal on one occasion; and almost smashing Gill's finger in a food flap. Gill also alleges that C/O Hughes wrongfully disciplined her and deprived her of recreational time on at least two occasions. Gill asserts that Captain Hughes and Sergeant Hood are C/O Hughes's supervisors and they permitted her to engage in the aforementioned conduct.

Gill alleges that the defendants' conduct constitutes harassment and an abuse of authority that violates the Eighth Amendment's prohibition on cruel and unusual punishment. [R. 1 at 4.] For relief, Gill seeks monetary damages and broad injunctive relief including discipline of C/O Hughes, termination of C/O Hughes's employment, and an apology.

Gill fails to state a claim upon which relief can be granted and, therefore, her complaint will be dismissed. It is well-established that verbal abuse or general harassment by a prison guard does not constitute cruel and unusual punishment in violation of the Eighth Amendment. *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (observing that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief"); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that harassment and verbal abuse, while "shameful

2


and utterly unprofessional . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits"); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987).[1]

Gill's claims regarding food and hygiene packs also do not rise to the level of an Eighth Amendment violation.  The Eighth Amendment "does not mandate comfortable prisons," but requires prison officials to provide inmates with "the minimal civilized measure of life's necessities."  *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981).  While Gill alleges that she was once given the wrong meal, she concedes that the mistake was corrected.  And to the extent Gill was deprived of a hygiene pack on one occasion, this does not constitute the type of extreme deprivation required to make out an Eighth Amendment conditions-of-confinement claim.  *See Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir. 1987) (explaining that "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment"); *Taylor v. Larson*, 505 F. App'x 475, 478 (6th Cir. Nov. 19, 2012) (concluding that a four-day deprivation of toiletries was a temporary condition that did not rise to the level of a constitutional violation).

To the extent Gill seeks to challenge disciplinary sanctions that C/O Hughes initiated or imposed, Gill has not alleged facts sufficient to state a claim for deprivation of due process under the Fourteenth Amendment.  This is because the challenged disciplinary action (loss of recreation time on two occasions) does not amount to a deprivation of a constitutionally protected liberty interest.  *See Park v. Morgan*, No. 1:15-cv-182, 2015 WL 1637168, at *4 (S.D. Ohio Apr. 10, 2015) (citing *Sandin v. Connor*, 515 U.S. 472 (1995)).

---

[1] Gill includes a list of signatures of other inmates who apparently agree with Gill's assertions about C/O Hughes. But Gill does not have standing to assert claims on behalf of other prisoners.  *See Crawford v. United States Dep't of Treasury*, 868 F.3d 438, 455 (6th Cir. 2017) (quoting *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (observing that "'a plaintiff must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties'").

Finally, Gill's claims against Captain Hughes and Sergeant Hood must be dismissed. Even if Gill had alleged a viable constitutional claim against C/O Hughes, *respondeat superior* cannot form the basis of liability in a § 1983 action. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003). In other words, Captain Hughes and Sergeant Hood cannot be held liable for C/O Hughes's conduct simply because they are her supervisors. Instead, supervisory liability must be premised on either direct or personal involvement of the named defendant. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir.1989); *Hays v. Jefferson County, Ky.*, 668 F.2d 869 (6th Cir.1982). Since Gill has failed to articulate any facts to explain how Captain Hughes or Sergeant Hood were directly involved in, encouraged, implicitly authorized, approved, knowingly acquiesced in, or in any way orchestrated unconstitutional conduct, her claims against these defendants must be dismissed.

Based on the foregoing, it is **ORDERED** as follows:

1. Gills's motion for leave to proceed *in forma pauperis* [**R. 2**] is **GRANTED**. The $55.00 administrative fee is **WAIVED**. However, Section 1915(b)(1) requires a prisoner-plaintiff to pay the $350.00 filing fee for a civil action as set forth below:

    a. The Court will not require payment of an initial partial filing fee at this time.

    b. The Clerk of the Court shall open an account in Gill's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (EDKY 525) with (i) Gill's name; (ii) her inmate registration number; and (iii) this case number. The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the Jailer/Warden of the institution in which Gill is currently confined.

    c. Each month Gill's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of her income for the preceding month out of her inmate account, but only if the amount in the account exceeds $10.00. The custodian shall continue such payments until the entire $350.00 filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

2. Gill's complaint [**R. 1**] is **DISMISSED**.

3. A corresponding Judgment will be entered.

This 9th day of October, 2025.

Gregory F. Van Tatenhove
United States District Judge